UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

      v.                           DECISION AND ORDER
                                        12-CR–157

ALEJANDRO NAVARRO-GONZALEZ,

                Defendant.

---

This case was referred to Magistrate Judge H. Kenneth Schroeder, Jr. for supervision of all pretrial proceedings. On November 16, 2012, defendant Alejandro Navarro-Gonzalez filed a motion to suppress evidence seized during a consent search of his storage locker and statements he made to the police at the time of his arrest. An evidentiary hearing was held before Magistrate Judge Schroeder on November 29, 2012. The parties then had an opportunity to file post-hearing briefs.

On February 8, 2013, Magistrate Judge Schroeder issued a Report and Recommendation recommending that defendant's motion to suppress the evidence and statements be denied. On February 15, 2013, defendant submitted objections to the Magistrate Judge's Report and Recommendation. The Government filed a response to defendant's objections on February 26, 2013. Oral argument was held before this Court on April 2, 2013.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo*

determination of those portions of the Report and Recommendation to which objections have been made. Upon *de novo* review and after reviewing the submissions of the parties and hearing oral argument, the Court adopts the proposed findings of the Report and Recommendation.

In his objections, defendant argues that the totality of the circumstances present during his interrogation by law enforcement presented a coercive atmosphere. Specifically, defendant argues that agents falsely accused him of being the intended recipient of a quantity of cocaine seized in Ohio. Defendant contends that "fear of being wrongfully accused of a drug crime involving a lengthy jail sentence is in fact coercive". Thus, defendant asks the Court to reject Magistrate Judge Schroeder's recommendation that defendant's consent allowing law enforcement agents to search his storage locker was consensual.

Jonathan Sullivan, special agent for the Drug Enforcement Agent ("DEA"), was the only witness to testify at the evidentiary hearing before Magistrate Judge Schroeder. Agent Sullivan testified that in March of 2012 DEA agents and task force officers in Buffalo were investigating certain drug distribution activities related to defendant. (Dkt. No. 18, p. 14) Specifically, Agent Sullivan testified that in March of 2012 drugs were found during the traffic stop of a vehicle in Ohio. *Id*. One of the individuals arrested in connection with the stop provided information that defendant was the intended recipient of the drugs. *Id*. The individual was brought back to Buffalo and a controlled delivery to defendant

occurred on March 15, 2012. (Dkt. No. 18, p. 15) Sullivan testified that he was present for the controlled delivery and the arrest of defendant. *Id*.

After his arrest, defendant was taken to the DEA Buffalo Resident Office. (Dkt. No. 18, p. 14) There, he was interviewed by Agent Sullivan and other investigators. *Id*. Sullivan testified that he administered *Miranda* warnings to the defendant prior to interrogating him, and that he believes he read the warnings to defendant in Spanish. (Dkt. No. 18, p. 19) Further, Agent Sullivan testified that after administering the *Miranda* warnings, he asked defendant if he understood the warnings and defendant indicated that he did. *Id*. Defendant then indicated that he was willing to speak with the agents. *Id.* Sullivan also testified that when he encountered a language barrier during the interview, he would rephrase his statements in Spanish to ensure that defendant understood him. (Dkt. No. 18, p. 39)

Agent Sullivan testified that during his entire interview with defendant, his gun was holstered. (Dkt. No. 18, p. 37) Sullivan also testified that at no time did he threaten or coerce defendant, nor did he hear any of the other officers present threaten or coerce defendant in any manner. (Dkt. No. 18, p. 37-38) Sullivan testified that throughout the entire interview, defendant never requested to speak with an attorney. (Dkt. No. 18, p. 39)

With respect to the consent to search the storage locker, Agent Sullivan testified that defendant acknowledged that he rented a storage locker at the

3

request of his brother and that defendant consented to a search of that locker. (Dkt. No. 18, p. 20-21) Specifically, Sullivan testified that he wrote a description of the place to be searched (the storage locker), that he gave the form to defendant and instructed defendant to read each line, that he reviewed each line with defendant and that he asked the defendant to initial each line to indicate that defendant had reviewed it. *Id*. Defendant reviewed the consent to search form, initialed each section, and signed the form. *Id*.

Agent Sullivan testified that upon execution of the consent search of the storage locker, agents found the following: (1) 1.7 kilograms of heroin; (2) a Kel-Tech .32 caliber semi-automatic handgun; (3) ammunition; (4) Dormin (a sleep aid frequently used as a cutting agent for heroin); and (5) a heroin press. (Dkt. No. 18, p. 30-32) It was later determined that the information supplied by the individuals arrested in Ohio was inaccurate. (Dkt. No. 18, p. 54) Therefore, defendant's instant charges relate only to the items seized from the storage locker. *Id*.

The Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings. *See Carrion v. Smith*, 549 F.3d 583, 588 (2d. Cir. 2008) ("[A] district judge should normally not reject a proposed finding of a magistrate judge that rests on a credibility finding without having the witness testify before the judge.") (*quoting Cullen v. United*

4

*States*, 194 F.3d 401, 407 (2d. Cir. 1999); *see also Grassia v. Scully*, 892 F.2d 16, 19 (2d. Cir. 1989) ("Had the district court rejected the magistrate's conclusions regarding the credibility of the central witnesses without hearing the live testimony from those witnesses, troubling questions of constitutional due process would have been raised.")

In his Report and Recommendation, Magistrate Judge Schroeder fully credits Agent Sullivan's "unequivocal and uncontradicted testimony at the hearing." (Dkt. No. 21, p. 7) Specifically, Magistrate Judge Schroeder credits Agent Sullivan's testimony that *Miranda* warnings were timely administered, that defendant understood his rights and that he voluntarily, knowingly and intelligently waived them. Magistrate Judge Schroeder found, based upon Agent Sullivan's testimony, that there was "no evidence to support defendant Navarro-Gonzalez's assertion that he was coerced to give statements or to consent to the search of the storage facility." (Dkt. No. 21, p. 9)

Magistrate Judge Schroeder ultimately concluded the following: "based on the totality of the circumstances, as well as my observations of the demeanor of Special Agent Sullivan and my determination that I found Special Agent Sullivan to be credible, I find that defendant Navarro-Gonzalez made a rational, reasoned and voluntary decision to permit the agents to enter, search and remove evidence from inside the storage unit that he rented." (Dkt. No. 21, p. 12) The Court accepts and adopts Magistrate Judge Schroeder's credibility findings with respect

to defendant's knowing, voluntary and intelligent consent to search the storage locker.

Accordingly, for the reasons set forth in Magistrate Judge Schroeder's Report and Recommendation, and the reasons stated herein, defendant's motion to suppress his statements and the evidence seized from the storage locker is denied in all respects. The parties shall appear before this Court on May 3, 2013 at 11:30 am for a status conference and/or meeting to set trial date.

SO ORDERED.

                                          *s/ Richard J. Arcara*
                                          HONORABLE RICHARD J. ARCARA
                                          UNITED STATES DISTRICT JUDGE

DATED: May 2, 2013