UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

ALEJANDRO NAVARRO-GONZALEZ,

Defendant.

**DECISION AND ORDER**
11-CR-151-A
12-CR-157-A

## I. BACKGROUND

Defendant Alejandro Navarro-Gonzalez was charged with and convicted of drug crimes in two separate cases.

In case #12-CR-157-A, Defendant was charged in a Superseding Indictment with the following crimes: in Count 1, with possessing with intent to distribute at least one kilogram of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); and in Count 2, with maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1). *See*, *Docket #12-CR-157*, Dkt. 31. Following a jury trial, Defendant, on June 14, 2013, was convicted of both counts. *See*, *Docket #12-CR-157*, Dkt. 99.

After he was convicted at trial in case #12-CR-157, Navarro-Gonzalez, on December 15, 2015, pleaded guilty, pursuant to a written plea agreement, to Count 24 of Indictment against him in case #11-CR-151-A, which charged him with conspiring to possess with intent to distribute, and distribute, 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. *See*, *Docket #11-CR-151*, Dkt. 680, 877.

Prior to sentencing, the Government, in both cases, filed allegations pursuant to 21 U.S.C. § 851, which increased Navarro-Gonzalez's statutory minimum penalties in each. *See*, *Docket #11-CR-151*, Dkt. 657; *Docket #12-CR-157*, Dkt. 29. In that regard, the Government alleged that Navarro-Gonzalez's 2010 conviction, in New York State (NYS) court, for attempted criminal possession of a controlled substance in the fourth degree, in violation of New York Penal Law §§ 110 and 220.09, a class D felony, provided the basis for his enhanced penalties in both cases. *Id*. Specifically, such conviction enhanced Navarro-Gonzalez's mandatory minimum term of imprisonment for his violation of 21 U.S.C. § 841(b)(1)(A), under Count 1 of case #12-CR-157-A, from 10 to 20 years, while enhancing his mandatory minimum term of imprisonment for his violation of 21 U.S.C. § 841(b)(1)(B), under Count 24 of case #11-CR-151, from 5 to 10 years.

Under the Sentencing Guidelines, the three counts of convictions in both cases were grouped together. *See*, PSR ¶64 (*Docket #12-CR-157*, Dkt. 140; *Docket #11-CR-151*, Dkt. 922). The PSR concluded that with a total offense level of 34, and a criminal history category of V, Navarro-Gonzalez's Guidelines range for imprisonment was 235 to 293 months imprisonment; however, because Count 1 of case #12-CR-157-A, carried a statutory mandatory minimum term of imprisonment of 240 months, the actual Guideline range for imprisonment Defendant faced was 240 to 293 months. *See*, PSR ¶94 (*Docket #12-CR-157*, Dkt. 140; *Docket #11-CR-151*, Dkt. 922).

On September 9, 2016, this Court sentenced Navarro-Gonzalez to the following terms of imprisonment: on Count 1 of #12-CR-157, to 252 months; on Count 2 of #12-

CR-157, to 240 months; and on Count 24 of #11-CR-151-A, to 240 months, all sentences to run concurrently. *See*, *Docket #12-CR-157*, Dkt. 101; *Docket #11-CR-151*, Dkt. 877.

On July 19, 2018, the Second Circuit issued a mandate affirming Defendant's convictions and sentences in both cases. *See*, *Docket #12-CR-157*, Dkt. 108; *Docket #11-CR-151*, Dkt. 999. Thereafter, Defendant filed unsuccessful § 2255 motions in both cases. *See*, *Docket #12-CR-157*, Dkt. 109, 131; *Docket #11-CR-151*, Dkt. 1009, 1069.

Navarro-Gonzalez, who is forty-four years old, is presently serving his sentence and has a projected release date of July 11, 2030. *See*, https://www.bop.gov/inmateloc/ (last visited August 6, 2026).

## II. PENDING MOTIONS

Before this Court are three motions brought by Navarro-Gonzalez pursuant to 18 U.S.C. §3582(c). The first motion, which is filed only in case #12-CR-157, is a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1). *See*, *Docket #12-CR-157*, Dkt. 132. In it, Navarro-Gonzalez argued that his sentence ought to be reduced based upon, *inter alia*, his rehabilitative efforts, the "excessive sentence," and "changes in the law." *Id.*, pp.1-10. The Government filed responses opposing the Defendant's motion for compassionate release. *See*, *Docket #12-CR-157*, Dkt. 135 and 145.

The other two motions, which are identical to one another and filed in both cases, are motions for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. Such motions, which were initially filed *pro se* by Navarro-Gonzalez, *see*, *Docket #11-CR-151*, Dkt. 1142; *Docket #12-CR-157*, Dkt. 148, were supplemented by the Federal Public Defender. *See*, *Docket #11-CR-151*, Dkt. 1154; *Docket #12-CR-157*, Dkt. 156. In his motions, Navarro-Gonzalez argues that he is entitled to a sentence reduction based on the November 1, 2023, amendment to the Sentencing Guidelines, which, among other things, reduced from 2 points to 1 point the number of "status points" assessed to a defendant who has seven or more criminal history points, for committing the instant offense while under a criminal justice sentence. *See*, Guidelines §4A1.1(e). Specifically, Navarro-Gonzalez claims that his criminal history category should be reduced from V to IV and that his sentencing range should be reduced. The Government filed belated responses to Navarro-Gonzalez's § 3582(c)(2) motions, in which it conceded "that the status-points amendment applies to [Navarro-Gonzalez]" but contended "that the reduction of [his] sentence below 252 months…[wa]s not warranted." *See*, *Docket #11-CR-151*, Dkt. 1156, p. 4; *Docket #12-CR-157*, Dkt. 157, p. 4.

For the following reasons, the Court **GRANTS** Navarro-Gonzalez's § 3582(c)(2) motions and reduces Navarro-Gonzalez's aggregate sentence of imprisonment from 252 months to 240 months, and **DENIES** Navarro-Gonzalez's § 3582(c)(1) motion.

## III. DISCUSSION

### A. Navarro-Gonzalez's §3582(c)(2) Motions

When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), the district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced." *United States v. Zapatero*, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.1Q(b)(1)); *see also Dillon v. United States*, 560 U.S. 817, 827 (2010). A defendant is eligible for a sentence reduction if he was sentenced "based on a sentencing range that has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "In most cases, a defendant's sentence will be 'based on' his Guidelines range. In federal sentencing the Guidelines are a district court's starting point, so when the Commission lowers a defendant's Guidelines range the defendant will be eligible for relief under § 3582(c)(2) absent clear demonstration, based on the record as a whole, that the court would have imposed the same sentence regardless of the Guidelines." *Hughes v. United States*, 584 U.S. 675, 688 (2018). Assuming that the resultant range is lower than that applicable at the time of defendant's original sentencing, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are contained in U.S.S.G. § 1B1.10. *United States v. Martin*, 974 F.3d 124, 136 (2d Cir. 2020) (citation omitted).

Here, the Government does not contest Navarro-Gonzalez's assertion that the status-point amendment portion of Amendment 821 applies, and that application of such amendment results in a reduction of Navarro-Gonzalez's Criminal History Category from V to IV. "Amendment 821 went into effect on November 1, 2023, and was made retroactive by the United States Sentencing Commission." *United States v. Akintola*, No. 21 CR. 472-3 (KPF), 2024 WL 1555304, at *13 (S.D.N.Y. Apr. 10, 2024) (citing U.S.S.G. § 1B1.10(d)). "Part A of Amendment 821 modified the calculation of 'status points' added to a defendant's criminal history score under U.S.S.G. § 4A1.1.... Amendment 821 eliminated [subsection 4A1.1(d)] and replaced it with the following provision: 'Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.' *Id.*; U.S.S.G. § 4A1.1(e)." *United States v. Lucas*, No. 22-cr-290, 2024 WL 3718658, at *2 (E.D.N.Y. Aug. 8, 2024).

In his PSR, the Probation Office determined that since Navarro-Gonzalez had eight (8) criminal history points and committed his offense while under Probation Supervision, he would be assessed two (2) additional status points, such that he was found to have a total of ten (10) criminal history points, and a resultant Criminal History Category of V. PSR, ¶87 (*Docket #12-CR-157*, Dkt. 140; *Docket #11-CR-151*, Dkt. 922). Since Amendment 821 retroactively reduces from two (2) to one (1) the number of status points assessed Navarro-Gonzalez for an offense committed while under supervision, his total number of criminal history points is reduced from ten (10) to nine

(9) and his resultant Criminal History Category is reduced from V to IV. Without regard to any applicable statutory mandatory minimum term of imprisonment, and with a Total Offense Level of 34, reducing Navarro-Gonzalez's Criminal History Category from V to IV reduces his guideline range from imprisonment from 235 to 293 months to 210 to 262 months imprisonment. Considering the 240 month mandatory minimum term of imprisonment he faced at the time of his original sentencing, Amendment 821 had the effect of lowering Navarro-Gonzalez's applicable Guideline's range from 240 to 293 months to 240 to 262 months. Although Navarro-Gonzalez's mandatory minimum sentence remained the same (*i.e.*, 240 months) following the status-point adjustment under Amendment 821, because he received a sentence (*i.e.*, 252 months) that exceeded the statutory mandatory minimum, and because the high-end of his range has been lowered from 293 to 262 months, the Court determines that Navarro-Gonzalez's applicable guidelines range has been "lowered" within the meaning of § 3582(c)(2). *See*, *United States v. Hargrove*, 732 F.3d 1253, 1254 (11th Cir. 2013)("a defendant subject to a statutory mandatory minimum is eligible for § 3582(c)(2) relief when he was sentenced above that minimum and a retroactive guidelines amendment lowers the high-end of his applicable guidelines range.").

As a result, the Court determines that it is authorized, consistent with Guidelines §1B1.10, to reduce Navarro-Gonzalez's sentence, and it must now examine "whether the authorized reduction is warranted, either in whole or in part,

according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. at 826.[1]

Based upon this Court's assessment of the § 3553(a) factors, the Court determines that a modest 12-month reduction to the statutory mandatory minimum of 240 months is warranted. In considering those factors, which include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need "to protect the public from further crimes of the defendant," *see*, 18 U.S.C. §§ 3553(a)(1) and (a)(2)(C), the Court must also consider whether any reduction will pose a "danger to any person or the community" as well as any "post sentencing conduct of the defendant." *See*, U.S.S.G. §1B1.10, comment. (n. 1(B)(ii) and (iii)).

There is no question, as the Government correctly notes in opposing the motion, that Navarro-Gonzalez had a significant history as an armed drug trafficker that provided drugs to members of a violent street gang. The crimes he committed were very serious, and the although the Court's original sentencing of 252 months was appropriate, the Court finds that defendant's service of a term of imprisonment at the then-applicable statutory mandatory minimum for the offenses he committed will "provide just punishment" for those offenses. *See*, 18 U.S.C. § 3553(a)(2)(A). Further, the Court determines that such sentence will otherwise satisfy the goals of § 3553 and

[1] As previously mentioned, although the Government agrees that the status point amendment applies to Navarro-Gonzalez, it maintains that any reduction of his sentence below 252 months is unwarranted. *See*, *Docket #11-CR-151*, Dkt. 1156; *Docket #12-CR-157*, Dkt. 157

is consistent with applicable policy statements issued by the Sentencing Commission. While incarcerated for nearly a decade and a half, Navarro-Gonzalez has had only three relatively minor disciplinary infractions, each of which were addressed by sanctions imposed by the facility. Further, during his period of incarceration, Navarro-Gonzalez has successfully completed extensive educational and vocational programming, amassed significant good-time credit, and secured his GED. Under these circumstances the Court determines that a modest 12-month reduction of Navarro-Gonzalez's lengthy sentence to the statutory mandatory minimum term of 240 months is warranted. The Court is likewise satisfied that, upon release, Navarro-Gonzalez is unlikely to pose a danger to any persons or to the community and that any risk in that regard can be further mitigated through his supervision while on supervised release.

### B. Navarro-Gonzalez's §3582(c)(1) Motion

In addition to the § 3582(c)(2) motions he filed in both of his cases, Navarro-Gonzalez has also filed a *pro se* motion in which he seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1). *See*, *Docket #12-CR-157*, Dkt. 132. Such motion was only filed in in case #12-CR-157. *Id*. Because he is proceeding *pro se*, the Court will construe his submissions liberally and interpret them to raise the strongest arguments they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). Among the "extraordinary and compelling" reasons he identifies in his motion papers as justifying a reduced sentence are the following: changes in the law,

his rehabilitation, his living conditions during Covid-19, and an excessive sentence. *See*, *Docket #12-CR-157*, Dkt. 132.

"The First Step Act's 'compassionate release' provision, 18 U.S.C. § 3582(c)(1)(A), provides an exception to the general rule that a court may not modify a term of imprisonment after it has been imposed." *United States v. Luke*, No. 14-CR-06089-FPG, 2024 WL 1693275, at *1 (W.D.N.Y. Apr. 19, 2024). Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment "only if three conditions are in place." *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (per curiam). First, the defendant must have "fully exhausted all administrative" remedies before moving for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Next, the defendant must demonstrate that "extraordinary and compelling reasons warrant" a sentence reduction. *Id*. § 3582(c)(1)(A)(i). Lastly, the district court must consider "the factors set forth in" 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id*. § 3582(c)(1)(A).

For the reasons stated below, the Court finds that no extraordinary and compelling reasons exist to warrant any further reduction of Navarro-Gonzlez's sentence, and even if they did, consideration of the § 3553(a) factors would not justify a further reduction in Navarro-Gonzalez's sentence.

Assuming *arguendo* that Navarro-Gonzalez's has exhausted his administrative remedies, *see, Docket #12-CR-157*, Dkt. 132, p. 31 and Dkt. 135, *Exhibit B*, the Court must consider whether he can establish "extraordinary and compelling reasons" warranting his release. 18 U.S.C. § 3582(c)(1)(A)(i).

Initially, the Court rejects Navarro-Gonzalez's claims that the danger he faces—and the conditions of confinement that he endured—as a result of Covid-19, and/or his rehabilitation while incarcerated amount to "extraordinary and compelling" reasons sufficient to warrant his release. Navarro-Gonzalez has received a Covid-19 vaccination. Additionally, the "harsh conditions of imprisonment occasioned by the COVID-19 pandemic are not, without more, sufficiently 'extraordinary and compelling' to warrant compassionate release." *United States v. Gonzalez*, No. 19-cr-467, 2022 WL 16919842, at *5 (S.D.N.Y. Nov. 14, 2022) (collecting cases). "If the challenging conditions of confinement caused by the pandemic warranted a sentence reduction here, essentially every inmate who has been in BOP custody at any time since March 2020 would be entitled to a sentence reduction." *Id*. (citation omitted). Regarding Navarro-Gonzalez's claim that his rehabilitation is "extraordinary and compelling," rehabilitation "is not, by itself, an extraordinary and compelling reason." U.S.S.G. § 1B1.13(d); *see also United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). While the Court has factored Navarro-Gonzalez's self-improvement efforts while incarcerated into its consideration in its decision to reduce his sentence under §3582(c)(2), *see*, III(A), *supra*, his rehabilitation and limited disciplinary record do not warrant sentence reduction because "[t]o find otherwise would convert the process for obtaining a compassionate release into a *de facto* parole system, through which defendants with good behavior are rewarded with sentence reduction." *United States v. Salgado*, No. 15-cr-681, 2022 WL 3043100, at *2 (S.D.N.Y. Aug. 2, 2022). Such a system would be "contrary to Congress's intent." *United States v. Gonzales*, No. 10-CR-531 BMC, 2026 WL 2198741, at *5 (E.D.N.Y. July 30, 2026).

Construed in the light most favorable to him, Navarro-Gonzalez's strongest argument is that he is facing an unusually long sentence, which he contends creates a gross disparity between him and similarly situated defendants sentenced for the same crimes today. According to Navarro-Gonzalez this sentencing disparity—caused by intervening changes in the law—counts as an "extraordinary and compelling reason" which renders his sentence "excessive" and warrants a reduction. Specifically, Navarro-Gonzalez argues—correctly—that his sentence was enhanced based on prior felonies that would no longer be considered today under the First Step Act. Nevertheless, the Court determines that such disparity created by a non-retroactive statutory change, does not amount to and extraordinary or compelling" reason warranting a further reduction in Navarro-Gonzalez's sentence.

Specifically, in case #12-CR-157, the Government alleged, pursuant to 21 U.S.C. §851, that Navarro-Gonzalez's 2010 conviction, in NYS court, for attempted criminal possession of a controlled substance in the fourth degree, in violation of New York Penal Law §§ 110 and 220.09, a class D felony, provided the basis for his enhanced penalties under 21 U.S.C. § 841(b)(1)(A). Indeed, relying on that NYS conviction, Navarro-Gonzalez's mandatory minimum term of imprisonment under Count 1 of case #12-CR-157-A, was enhanced from 10 to 20 years.[2] While such NYS offense, as a "felony drug offense," provided an appropriate basis for such sentencing enhancement at the time of Navarro-Gonzalez's sentencing in this case, if he were

[2] Such conviction was also used to enhance Navarro-Gonzalez's mandatory minimum term under Court 24 of case #11-CR-151-A from 5 to 10 years.

sentenced today under the First Step Act, the Section 851 enhancement would not apply and he would face a mandatory minimum term of imprisonment of only ten years in case #12-CR-157-A — one-half of the minimum mandatory sentence he faced when he was sentenced.[3]

To be sure, the First Step Act altered the sentencing scheme at issue by, among other things, narrowing the type of prior drug offenses that trigger increased penalties under 21 U.S.C. § 841(b)(1)(A) & (B). In that regard, and as applicable here, the First Step Act modified those offense that that may be used to enhance the penalty provisions under 21 U.S.C. § 841(a)(1)(A) to require that any predicate conviction be a "serious drug felony," as defined at 21 U.S.C. § 802(58), rather than a mere "felony drug offense," as defined at 21 U.S.C. § 822(44), which is what the statue provided at the time of Navarro-Gonzalez's sentencing. A "serious drug felony" does not encompass mere possession offenses. 18 U.S.C. § 924(e)(2)(A); *compare* 21 U.S.C. § 802(58), with § 802(44). Rather, a "serious drug felony" is defined as an "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" for which the defendant served more than twelve months of imprisonment, his release from which occurred within fifteen years of the instant offense. 18 U.S.C. § 924; 21 U.S.C. § 802(58). The offense must also carry a maximum term of imprisonment of ten or more years. *Id*.

[3] Similarly, in case 11-CR-151-A, the mandatory minimum term of imprisonment Navarro-Gonzalez would face today would be reduced from 10 to 5 years.

In this case, Navarro-Gonzalez's 2010 conviction for attempted criminal possession of a narcotic drug in the fourth degree, in violation of New York Penal Law §§110 and 220.09, would not qualify today as a predicate "serious drug felony" that would enhance his mandatory minimum. Without a prior conviction for a "serious drug felony," Navarro-Gonzalez would today be subject to only a ten-year mandatory minimum. 21 U.S.C. § 841(b)(1)(A).

Importantly, however, this statutory change was not made retroactive. *See*, First Step Act, § 401(c) ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."); *see also*, *Elston v. United States*, No. 15-CR-200-A, 2024 WL 4333347, at *2 n.3 (W.D.N.Y. Sept. 27, 2024)(change from "felony drug offense" to "serious drug felony" not retroactive).

Because Section 401 is not retroactive, the Supreme Court's recent decision in *Rutherford v. United States*, ---U.S.---, 146 S. Ct. 1320 (2026) forecloses any argument that this Court may consider his "excessive sentence" as an "extraordinary and compelling reason[ ]" for compassionate release under U.S.S.G. § 1B1.13(b)(6). In *Rutherford*, the Court explained that "[w]hen Congress declines to make a sentencing amendment retroactive, the fact that a preamendment sentence is longer than it would have been postamendment is not an extraordinary and compelling reason that warrants a sentence reduction." 146 S. Ct. at 1330 (citing 18 U.S.C. § 3582(c)(1)(A)(i)) (citation modified). Put differently, "[t]he statutory text and structure

of [18 U.S.C. § 3582(c)(1)(A)(i)] make clear that Congress's nonretroactive change to [a sentencing law]—considered by itself or in combination with other factors— cannot make a prisoner eligible for compassionate release. To the extent that [Section 1B1.13(b)(6)] counsels otherwise, the Commission's policy statement is invalid." *Id*.

Navarro-Gonzalez is therefore not entitled to a reduction in his sentence on the basis that the statute changed and that he received a significant sentence. As the *Rutherford* Court put it:

> Far from "extraordinary," nonretroactive amendments to criminal penalties are the norm. "Ordinarily," we have explained, "statutory changes to federal penalties only benefit future offenders." *Hewitt v. United States*, 606 U.S. 419, 424 (2025); *see* 1 U.S.C. § 109. Congress sometimes deviates from the default, as it did in the Act, by extending the revised penalties to defendants not yet sentenced. Even then, some measure of prospectivity is par for the course: The "ordinary practice" is to "withhol[d] that change from defendants already sentenced." *Dorsey v. United States*, 567 U.S. 260, 280 (2012). And regardless of whether the line is drawn at the offense or the sentence, a nonretroactive penalty change necessarily creates a disparity between those who receive the benefit and those who do not. *See* *ibid*. ("[D]isparities ... reflec[t] a line-drawing effort" and "will exist whenever Congress enacts a new law changing sentences"). Such a disparity is an unexceptional feature of a system in which nonretroactivity is the default.
>
> As for "compelling": It is hard to see how Congress's deliberate decision not to extend newly reduced penalties to those already sentenced could be a convincing reason that "warrant[s]" a reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

*Rutherford v. United States*, 146 S. Ct. at 1330–31. Here, neither the length of the Navarro-Gonzalez's sentence nor the non-retroactive change in the statutory penalty he faced constitute an "extraordinary and compelling reason." Indeed, even if Navarro-Gonzalez were to be sentenced today, his Guidelines range (taking into account the

reduced criminal history he would face based upon the status point reduction discussed above, *see*, III(A), *supra*), would be—regardless of any change in the statutory mandatory minimum term he would face—210 to 262 months. As both the sentence previously imposed by the Court (*i.e.*, 252 months) and the reduced sentence imposed by the Court today by virtue of this Court's decision to grant Navarro-Gonzalez's 3582(c)(2) motions (*i.e.,* 240 months), both fall squarely within the Guidelines range he would face were he to be sentenced today, the Court rejects any suggestion that its prior sentence is disparate from any sentence that would face today. Consequently, any change in the statutory mandatory minimum penalty is neither extraordinary nor compelling .

Finally, even if the Court did determine that an "extraordinary and compelling" reason existed, upon consideration of the § 3553(a) factors, this Court determines that any additional reduction in sentence below 240 months is unwarranted. As already mentioned, in considering the § 3553(a) factors, this Court cannot overlook the scope or seriousness of Navarro-Gonzalez's conduct as an armed heroin source of supply who acquired significant quantities of heroin from out-of-state to fuel the drug trafficking activities of a violent street gang. Those drug-trafficking activities, in turn, fueled numerous acts of murder and violence by those gang members who were distributing the drugs that Navarro-Gonzalez helped to supply. Upon consideration of the § 3553(a) factors, the Court determines any further reduction of the sentence is unwarranted.

## CONCLUSION

Having concluded that Navarro-Gonzalez is entitled to a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the retroactive status point adjustment to the Sentencing Guidelines, his motions, *see*, Docket #11-CR-151, Dkt. 1142, 1154; Docket #12-CR-157, Dkt. 148, 156 (Dkt. 175), are **GRANTED**, and Navarro-Gonzalez's sentence under Count 1 of #12-CR-157, is reduced from 252 to 240 months, such that his combined aggregate term of imprisonment is reduced from 252 to 240 months. All other provisions of Navarro-Gonzalez's sentence shall remain in place. Further, Navarro-Gonzalez's motion for compassionate release, *see*, *Docket #12-CR-157*, Dkt. 132, pursuant to 3582(c)(1) is **DENIED**.

**SO ORDERED**.

*s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: August 31, 2026